UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MSC – 310 GRANT HOLDCO, LLC,<br><br>              Plaintiff,<br><br>- against -<br><br>WILLIAM C. RUDOLPH AND CHARLES S. PERLOW,<br><br>              Defendants. | Case No. 1:24-cv-04302-AKH |

## AGREED PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding judge. It is hereby **ORDERED** as follows:

1.     If a party, or a non-party producing information in this civil action, or an attorney for the party or non-party, has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a request or court order, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party, non-party, or attorney shall clearly mark each such document or other material as "**CONFIDENTIAL**." The individual or entity designating the document or materials as "**CONFIDENTIAL**" must take care to limit any such designation to specific documents or materials that qualify for protection under the appropriate standards. Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or impose unnecessary expense and burden on another party) expose the designating individual or entity to sanctions. If it comes to the attention of the designating individual or entity that a document or other material has been improperly marked as "**CONFIDENTIAL**," the designating individual or entity must promptly notify all parties that the

erroneous designation is being withdrawn and must replace the improperly designated document or material with a copy that is not marked "**CONFIDENTIAL**."

2.  If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the dispute with the designating individual or entity. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

3.  No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

4.  Any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any deposition taken in this action.

5.  Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within ten days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to which that confidentiality designation applies, except that any exhibit that was marked with a confidentiality designation at the time of production and that still bears that mark at the time of its use in a deposition shall be presumed to be confidential without further designation.

6.  If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

   a.  Provide a copy of this Protective Order to the person to whom disclosure is made;

   b.  Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

   c.  Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;

   d.  Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material; and

   e.  Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person.

If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with controlling precedent.

7.  The parties or anyone acting on their behalf may not voluntarily disclose any Confidential Information to any state or federal law enforcement or regulatory agency, or any employee thereof, except in this litigation as set forth in Paragraph 4 of this Order or as otherwise

3

commanded by law or otherwise provided in this Order. Nothing in this order will prevent a party from providing information in its possession in response to a valid order or subpoena from a law enforcement or regulatory agency requiring the production of such information, except that, prior to such production, the party producing the information shall provide as much advance notice as possible to the person or entity that designated the material as confidential to facilitate that party's efforts to preserve the confidentiality of the material, if warranted.

8. Inadvertent production of any document or information with a confidentiality designation will be governed by Fed. R. Evid. 502. Pursuant to subsections (d) and (e) of that Rule, the parties agree to, and the Court orders, protection of protected information against claims of waiver (including as against third parties and in other state and federal proceedings) in the event such information is produced during the course of the litigation, whether pursuant to a Court order, a parties' discovery request, or informal production, as follows:

   a. the production of documents or electronically stored information ("ESI") (including, without limitation, metadata) subject to a legally recognized claim of privilege or other protection from production or other disclosure (collectively, "Protected Information") including without limitation the attorney-client privilege and work-product doctrine, shall in no way constitute the voluntary disclosure of such Protected Information;

   b. the production of Protected Information shall not result in the waiver of any privilege or protection associated with such Protected Information as to the receiving party, or any third parties, and shall not result in any waiver of protection, including subject matter waiver, of any kind;

   c. if any document or ESI (including, without limitation, metadata) received by a party is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce such information, the receiving party will promptly notify the producing entity in writing that it has discovered Protected Information, identify the Protected Information by Bates number range, and return or sequester such Protected Information until the producing entity confirms whether it does indeed assert any privilege protecting this information. Once the producing entity asserts privilege over such Protected Information (as described in subparagraph (e) below), the receiving party will return, sequester, or destroy all copies of such Protected Information, along with any notes, abstracts, or compilations of the content thereof, within ten business days of notice from the producing entity;

4

d.      upon the request of the producing entity, the receiving party will promptly disclose the names of any individuals who have read or have had access to the Protected Information;

e.      if the producing entity intends to assert a claim of privilege or other protection over Protected Information identified by the receiving party, the producing entity will, within ten business days of receiving the receiving party's written notification, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such Protected Information that is consistent with the Federal Rules of Civil Procedure and local rules, setting forth the basis for the claim of privilege, immunity, or basis for non-disclosure, and in the event, if any portion of the Protected Information does not contain privileged or protected information, the producing entity shall also provide to the receiving party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity, or other protection;

f.      if, during the course of the litigation, a party determines it has produced Protected Information, the producing entity may notify the receiving party of such production in writing. The producing entity's written notice must identify the Protected Information by Bates Number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity, or basis for non-disclosure, and in the event any portion of the Protected Information does not contain privileged or protected information, the producing entity shall also provide to the receiving party a redacted copy of the Protected Information that omits the information that the producing entity believes is subject to a claim of privilege, immunity or other protection. The producing entity must also demand the return of the Protected Information. After receiving such written notification, the receiving party must, within ten business days of receiving the written notification, return, sequester, or destroy the specified Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof;

g.      a receiving party's return, sequestration, or destruction of such Protected Information as provided in the subparagraphs above will not act as a waiver of the receiving party's right to move for the production of the returned, sequestered, or destroyed Protected Information on grounds that the Protected Information is not in fact subject to a viable claim of privilege or other protection. However, the receiving party is prohibited and estopped from arguing that the producing entity's production of the Protected Information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of the Protected Information by the producing entity was not inadvertent, that the producing entity did not take reasonable steps to prevent the disclosure of the Protected Information, or that the producing entity did not take reasonable steps to rectify such disclosure;

5

  h. nothing contained herein is intended to or shall limit a producing entity's right to conduct a review of documents or ESI (including, without limitation, metadata), for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to the receiving party; and

  i. prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (collectively "copies") of documents marked with a confidentiality designation under this Order, or in any individual portion of such a document, shall be affixed with the same confidentiality designation if it does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

In the event there are any questions or disputes regarding the production of Protected Information, and to the extent applicable, this Agreed Protected Order will be interpreted to provide the maximum possible protection allowed by Federal Rule of Evidence 502(d).

  9. Within thirty days after the conclusion of the action, each party shall gather the **"CONFIDENTIAL"** materials, copies thereof, and related notes and memoranda, including materials given by that party to any other individual, and shall return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of a receiving party or the party's expert witness or consultant, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including drafts of preliminary reports submitted by an expert or consultant, which includes information produced as **"CONFIDENTIAL,"** so long as that work product does not duplicate verbatim substantial portions or the text or images of confidential documents. Any such work product retained by an attorney shall continue to be

"**CONFIDENTIAL**" and shall be subject to this protective order. The attorney may use his or her work product in other litigation provided that the attorney does not use or disclose the confidential documents.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

Dated:   4-7-25
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

Agreed to by:

/s/ *David A. Jones, Jr.*
Kirk B. Burkley, Esq. (*admitted pro hac vice*)
David A. Jones, Jr., Esq. (*admitted pro hac vice*)
601 Grant Street, 9th Floor
Pittsburgh, PA 15219
Telephone: (412)456-8100
kburkley@bernsteinlaw.com
djones@bernsteinlaw.com

Harry H. Rimm
950 Third Avenue, Suite 2400
New York, New York 10022
Telephone: (332)258-8400
Harry.Rimm@wbd-us.com

/s/ *Allison J. Arotsky*
Danielle J. Marlow
Allison J. Arotsky
400 Garden City Plaza
Garden City, New York 11530
dmarlow@moritthock.com
aarotsky@moritthock.com
Telephone: (516)873-2000
Facsimile: (516)873-2010